WARREN CRESSEY *vs.* JOSEPH PARKS.

Penobscot.    Opinion December 19, 1884.

*Taxes.    Distraint.    Trespass.    Damages.*

Where goods were properly seized by a collector for non-payment of taxes, and the distress became void for an irregularity afterwards occuring in the officer's proceedings, the measure of damages, in an action of trespass for the goods by the owner against the officer, is the value of the property less the amount applied to the payment of the tax.

An action may be maintained to recover a tax upon real estate, where it is assessed as a fixed number of acres in a town, without other identity or description.

ON REPORT.

The opinion states the case.

*Davis and Bailey,* for the plaintiff.

Without reviewing the cases where similar questions have been affirmatively decided we think in the case, *Carpenter* v. *Dresser*, 72 Maine, 380, PETERS, J., states the principle fairly upon which this claim is made, and with sufficient fullness for the purposes of this argument. He says : "It has been held that an officer, liable as a trespasser for irregularly distraining goods for taxes may be entitled to have the amount of the taxes deducted from the damages recoverable against him, the taxes being regarded as cancelled and paid. It is for the owner's benefit in such cases that the tax be regarded as paid, and other cases founded upon

the same principle may be found. But in all of them the doctrine is founded upon the idea that the deduction or mitigation is allowed with the implied assent of the owner."

It is difficult to perceive of any logical argument in support of this theory. It seems to be rather an equitable presumption to modify the rigor of an application of strict legal principles.

As directly opposed to this and more analogous to legal cause and effect is the position of the Vermont court upon the same question.

The case of *Hall* v. *Ray*, 40 Vt. 576, was that of an officer proceeding irregularly in the sale of chattels on execution whereby he became a trespasser, and having applied the proceeds on the execution claimed to have the amount allowed him in reduction of the damages. He was however charged with the *full* value of the goods taken, and the court say, pp. 579-80 : "In order to entitle him to apply the property in payment of that judgment, it was necessary for him to make a legal sale of it. He was not the plaintiff's agent. He was the agent and officer of the law proceeding *in invitum* against the plaintiffs' right to hold and dispose of his own. He could only affect and bind the plaintiff by disposing and applying the proceeds of the property by pursuing the course presented by the law. Except so far as the law assumes to sell and apply one's property in payment of his debts, it is his own right to exercise his own judgment and act upon his own preferences and adopt his own modes in that respect."

But in any event to avail defendant, we think it should appear that he has paid the money to the town, and has it no longer under his control, that the tax has been paid to the town in fact. The report is silent on this point.

An examination of the copy of assessments on page three of the report shows no valid assessments of the taxes in controversy. There is no tax on real estate because no real estate is described. *Harpswell* v. *Orr*, 69 Maine, 333 ; *Vassalboro* v. *Nowell*, 75 Maine 242.

*Barker, Vose and Barker*, and *A. L. Simpson*, for the defendant.

PETERS, C. J. The defendant, a collector, seized the plaintiff's hay for non-payment of taxes and sold it at auction. All of the proceedings were regular excepting that the collector held the hay one day too long before selling. For this mistake, the plaintiff is to recover against him the full value of the hay in the present action of trespass.

The question arises, whether, in making up the amount to be recovered, the tax, for the collection of which the hay was irregularly sold, may be deducted from the amount in mitigation of damages. We think it just and equitable to make the deduction. The hay was lawfully seized, and all, but one, of the subsequent steps taken were regular. For the error, the plaintiff gets the full value of his hay instead of the price it sold for at auction. He should be satisfied to pay his taxes by such appropriation. Enough damages remain to give him the full costs of the litigation. A case is cited as opposed to such a rule. *Hall* v. *Ray*, 40 Vt. 576. In Massachusetts the practice has been to allow the deduction. *Pierce* v. *Benjamin*, 14 Pick. 356. And our own cases approve the rule as far as they touch the question. *Seekings* v. *Goodale*, 61 Maine, 400; *Carpenter* v. *Dresser*, 72 Maine, 380.

The plaintiff, however, contends that the tax cannot be thus paid because, he says, the tax is illegally assessed. The alleged illegality consists in the assessors taxing the property in a list which gives merely the number of acres of real estate without further identity or description. In our judgment, the objection is not well founded. The description is good enough for the purpose of enforcing the collection of taxes by suit. If a whole property might thereby be forfeited for an ordinary assessment, the rule would be otherwise. To prevent forfeitures strict constructions are not unreasonable. But where forfeitures are not involved, proceedings for the collection of taxes should be construed practically and liberally. Personal property is usually assessed by a general and numerical description. And "acres," "houses," "mills," belonging to A B, situated in Glenburn, is as good a description as to call personal property, "oxen," "cows" and "horses." If the tax-payer desires more definiteness, he can

assist in producing it by submitting to the assessors a list accurately describing his property. Judgment should be entered up for the value of the hay, less the amount of taxes.

*Judgment accordingly.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.